### E. INGRAHAM CO. v. E. N. WELCH MFG. CO. et al.

(Circuit Court, D. Connecticut. June 11, 1898.)

#### No. 943.

1. PATENTS—NOVELTY AND INVENTION—EVIDENCE.

Evidence of reduction in cost, improved appearance, increased strength, large sales, and inequitable conduct by defendants is only relevant where the question of novelty is in doubt.

2. SAME—BASES FOR CLOCKS.

There is no invention in merely cutting the under surface of the old molding section used in forming bases for clocks, so as to drive the nails in from below instead of above.

3. SAME.

The Wright patent, No. 594,309, for a base for clocks, is invalid on its face for want of invention.

This was a suit in equity by the E. Ingraham Company against the E. N. Welch Manufacturing Company and others for infringement of a patent for a base for clocks, granted to William H. Wright, November 23, 1897.

George D. Seymour, for complainant.

W. E. Simonds and Mitchell, Bartlett & Brownell, for defendants.

TOWNSEND, District Judge. To this bill for infringement of patent No. 594,309, for base for clocks, granted November 23, 1897, and assigned to complainant, defendants demur for invalidity appearing on the face of the patent.

The claim is for—

"A framed clock base, consisting of several wooden molding sections framed together, and each provided upon the inner face of its upper edge with an integral, inwardly projecting assembling flange, extending throughout its length, and formed by cutting away a portion of its inner face, a panel placed upon the upper edges of the said framed molding sections so as to rest upon the assembling flanges thereof, and fastening devices passed upward through the said flanges into the lower face of the panel, which they firmly bind to the framed molding sections, substantially as described."

In short, the patentee asserts a monopoly in clock bases provided with such a flange, through which tacks may be driven from underneath. In support of this claim, counsel for the patentee states that he proposes to rely on proof of reduction in cost, improved appearance, increased strength, large sales, and inequitable conduct on the part of defendants. These facts, if shown, would be relevant only where the question of patentable novelty is in doubt. Here it is clear that the flanges, even if they are not the ordinary construction employed in brackets, shelves, and moldings, are, at most, the result of the exercise of the merest mechanical skill.

The patentee, in his specification and drawings, shows that his invention consists in cutting the under surface of the old molding section so as to drive the nails in from below instead of above. It is impossible to conceive of any evidence which would dignify such a manifestly mechanical expedient with the name of invention. The demurrer is sustained.